**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC JONES, JR.,<br><br>                              Petitioner,<br><br><br>WILLIAM GORE, et al.,<br><br>                              Respondents. | Case No.:  22-CV-622 JLS (BGS)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE**<br><br><br>(ECF No. 2) |

Petitioner, a person confined at the Orange County Jail in Santa Ana, California, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis.  (ECF Nos. 1, 2.)

**REQUEST TO PROCEED IN FORMA PAUPERIS**

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine his financial status.  A request to proceed in forma pauperis must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution in which he is confined.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Because Petitioner has not provided the Court with the required financial information (*see* ECF No. 2), the Court **DENIES** Petitioner's request to proceed in forma pauperis.

**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution, laws, or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *Id.*

Although Petitioner indicates he is in custody pursuant to a conviction from the San Diego County Superior Court (ECF No. 1 at 1), in no way does he claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Rather, he claims the state court "lacked jurisdiction over a divine person," violated the California Constitution by refusing to enter a stipulation, conspired to falsely maintain an action, and, in an incoherent passage, appears to claim a violation of federal financial laws regarding the rights of beneficiaries to financial instruments.  (ECF No. 1 at 6–9.)  Accordingly, the Petition fails to state a cognizable federal habeas claim because the only reference to federal law is in connection to an incomprehensible claim.

Even if Petitioner could state a cognizable federal claim, he indicates that he has not raised any of his claims in the California Supreme Court.  (*Id.*)  Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)–(c);

*Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  Moreover, to properly exhaust state court remedies, a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995), reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  *Id*. at 365–66.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court."  *Id*. at 366.  "The burden of proving that a claim has been exhausted lies with the petitioner."  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

22cv0622-JLS (BGS)

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement, has not stated a cognizable federal claim, and has not alleged exhaustion of state court remedies.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to proceed in forma pauperis and **DISMISSES** this case without prejudice and with leave to amend.  To have the case reopened, Petitioner must, no later than **July 13, 2022**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof Petitioner cannot pay the $5.00 filing fee **and** a First Amended Petition which cures the pleading deficiencies identified in this Order.  The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form ///

and a blank Southern District of California in forma pauperis application along with a copy
of this Order.

      **IT IS SO ORDERED.**

Dated:  May 16, 2022

                                     Hon. Janis L. Sammartino
                                     United States District Judge

22cv0622-JLS (BGS)